UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:26-cv-26388-DPG/DSW

IRA ROSNER, Individually and on Behalf of All Others Similarly Situated,

CLASS ACTION

Plaintiff,

vs.

DELAWARE LIFE INSURANCE COMPANY; GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001, INC.; TWG GLOBAL HOLDINGS, LLC; GUGGENHEIM PARTNERS, LLC; and MARK WALTER,

Defendants.

_______________________________________/|

JOINT MOTION TO STAY ORDER REQUIRING PARTIES TO MEET AND FILE JOINT SCHEDULING REPORT PENDING CONSOLIDATION, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff Ira Rosner ("Plaintiff"), and Defendants Delaware Life Insurance Company ("Delaware Life"), Group 1001 Insurance Holdings, LLC, Group 1001, Inc., TWG Global Holdings, LLC, Guggenheim Partners, LLC, and Mark Walter (collectively, "Defendants" and with Plaintiff, the "Parties") respectfully and jointly move the Court to stay the Parties' obligation to meet and file a Joint Scheduling Report. In support thereof, the Parties state as follows:

**MEMORANDUM OF LAW**

1. This putative class action was filed on September 16, 2026. *See* ECF 1. Plaintiff alleges that Defendants marketed and sold annuity products based on allegedly false and material representations about Delaware Life's financial strength.

2. Another related putative class action against Defendants and one additional defendant, Clear Spring Life and Annuity Company, was filed on October 7, 2026, and is currently pending in this District before Judge Altonaga. *See Kalinsky v. Del. Life Ins. Co.*, No. 0:26-cv-62823-CMA (S.D. Fla.). The plaintiff in that case, Robert L. Kalinsky, filed a Notice of Related Action advising Judge Altonaga that *Kalinsky* was related to this action and should be transferred to this Court under Section 2.15.00 of the Court's Internal Operating Procedures.

3. Once *Kalinsky* is transferred to this Court, the Parties in this case and *Kalinsky* intend to jointly move, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate *Kalinsky* with this case, and to set a schedule for the filing of a consolidated complaint and a briefing schedule on Defendants' response to the same.

4. On October 7, 2026, this Court entered an Order Requiring Joint Scheduling Report and Proposed Scheduling Order, requiring the Parties to prepare and file a Joint Scheduling Report by October 21, 2026. *See* ECF 15.

*5.* In light of the pending transfer of *Kalinsky* to this Court, and the anticipated consolidation of *Kalinsky* with this case, the Parties respectfully submit that it would be inefficient and a waste of the Parties' and their counsel's resources if they were to meet and confer and prepare a Joint Scheduling Report under Rule 26(f) of the Federal Rules of Civil Procedure at this time, as well as a waste of this Court's resources to issue a scheduling order that may be moot upon consolidation. *See generally Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (noting it is well settled that a district court's inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Gray v. Target Corp.*, 2014 WL 12600138, at *1 (S.D. Fla. Jan. 27, 2014) (staying action pending Judicial Panel on Multidistrict Litigation's consolidation decision).

WHEREFORE, for the foregoing reasons, the Parties respectfully request that the Court enter an Order: (i) staying the Parties' obligation to meet and file a Joint Scheduling Report pending transfer of *Kalinsky* to this Court and consolidation of *Kalinsky* with this case; (ii) direct the Parties to file a Joint Scheduling Report and proposed Scheduling Order within either (a) if consolidation is granted, 14 days after the filing of any consolidated complaint, or (b) 14 days after the Court denies consolidation; and (iii) and grant any other and further relief as the Court deems just and proper.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for the movants certify that they conferred with all Parties in a good faith effort to resolve the issues raised in this motion, and all Parties join in the relief requested.

DATED: October 15, 2026

Respectfully submitted,

**Stuart A. Davidson**

ROBBINS GELLER RUDMAN
& DOWD LLP
STUART A. DAVIDSON
Florida Bar No. 84824
MARK J. DEARMAN
Florida Bar No. 982407
FACUNDO M. SCIALPI
Florida Bar No. 1030791
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
fscialpi@rgrdlaw.com

*Counsel for Plaintiffs and the Class*

**Vanessa S. Johannes**

FOLEY & LARDNER LLP
VANESSA SINGH JOHANNES
Florida Bar No. 1028744
200 South Biscayne Boulevard, Suite 2100
Miami, FL 33131
Telephone: 305/482-8400
Vanessa.Johannes@foley.com

WILMER CUTLER PICKERING
HALE AND DORR LLP
TIMOTHY J. PERLA
60 State Street
Boston, MA 02109
Telephone: 617/526-6000
timothy.perla@wilmerhale.com

WILMER CUTLER PICKERING
HALE AND DORR LLP
CHRISTOPHER BOUCHOUX
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212/230-8800
christopher.bouchoux@wilmerhale.com

*Counsel for Defendants Delaware Life Insurance Company, Group 1001 Insurance Holdings, LLC, and Group 1001, Inc.*

**Daniel M. Blouin**

WINSTON TAYLOR, LLP
DANIEL M. BLOUIN
300 North LaSalle, Suite 4400
Chicago, IL 60654
Telephone: 312/558-7544
dan.blouin@winstontaylor.com

*Counsel for Defendants TWG Global Holdings, LLC and Mark Walter*

**Audra J. Soloway**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
AUDRA J. SOLOWAY
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212/373-3289
asoloway@paulweiss.com

*Counsel for Defendant Guggenheim Partners, LLC*