UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:26-cv-26388-DPG/DSW

IRA ROSNER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

**CLASS ACTION**

DELAWARE LIFE INSURANCE COMPANY; GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001, INC.; TWG GLOBAL HOLDINGS, LLC; GUGGENHEIM PARTNERS, LLC; and MARK WALTER,

Defendants.
________________________________________/

ROBERT L. KALINSKY, Individually and on Behalf of All Others Similarly Situated,

Case No. 0:26-cv-62823-DPG/DSW

Plaintiff,

vs.

DELAWARE LIFE INSURANCE COMPANY; CLEAR SPRING LIFE AND ANNUITY COMPANY; GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001, INC.; TWG GLOBAL HOLDINGS, LLC; GUGGENHEIM PARTNERS, LLC; and MARK WALTER,

Defendants.
________________________________________/

**JOINT MOTION TO CONSOLIDATE RELATED ACTIONS AND REGARDING SERVICE, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 3

A. Consolidation of the Related Actions Is Warranted .......... 3

1. The Related Actions Share Common Factual and Legal Issues .......... 4

2. Consolidation Will Further the Convenience of the Parties and Witnesses .......... 5

3. Consolidation Will Not Prejudice Any Party .......... 5

B. Defendants' Acceptance of Service of Process .......... 6

III. CONCLUSION .......... 7

IV. LOCAL RULE 7.1(a)(3) CERTIFICATION .......... 7

Plaintiffs Ira Rosner and Robert L. Kalinsky (collectively, "Plaintiffs") and Defendants Delaware Life Insurance Company ("Delaware Life"), Clear Spring Life and Annuity Company ("Clear Spring"), Group 1001 Insurance Holdings, LLC, Group 1001, Inc., TWG Global Holdings, LLC, Guggenheim Partners, LLC, and Mark Walter (collectively, "Defendants" and with Plaintiffs, the "Parties")[1], being all parties to the above-captioned action and to *Kalinsky v. Delaware Life Insurance Co.*, No. 0:26-cv-62823-DPG (S.D. Fla.), respectfully and jointly move under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate *Kalinsky*, and any related action later transferred to this Court, into the above-captioned, first-filed action, to set a schedule for the filing of and response to a consolidated complaint, and to formalize Defendants' acceptance of service of process. In support, the Parties state as follows:

## I. INTRODUCTION

Two putative class actions (the "Related Actions") against Defendants are pending before this Court. The above-captioned and first-filed action, *Rosner v. Del. Life Ins. Co.*, No. 1:26-cv-26388-DPG, was filed on September 16, 2026. The related and second-filed action, *Kalinsky v. Del. Life Ins. Co.*, No. 0:26-cv-62823-DPG, was filed on October 7, 2026. *Kalinsky* was originally assigned to Chief Judge Altonaga, but was transferred to this Court on November 2, 2026, due to the related nature of the matters and parties. Because *Rosner* is the first-filed and lowest-numbered of the Related Actions, the Parties file this motion in *Rosner* and request that *Rosner* serve as the lead case.

---

[1] Defendants join this motion solely for purposes of consolidation under Fed. R. Civ. P. 42(a) and dispute Plaintiffs' allegations. Nothing in this motion is, or should be construed as, an admission or concession by any Defendant regarding the merits of Plaintiffs' claims, whether any Defendant is a proper party to any Related Action, or whether any claim may be maintained on a class basis under Rule 23, and Defendants reserve all rights to oppose class certification and to assert all defenses, including under Rule 12(b).

The Related Actions make substantially similar factual allegations against Defendants regarding the same events or occurrences, specifically the marketing and sale of annuity products based on the same alleged false and material representations about the issuing insurers' financial strength. Clear Spring is a named defendant in *Kalinsky*, but not *Rosner*, because Mr. Kalinsky purchased annuities issued by both Delaware Life and Clear Spring. Both cases assert overlapping claims, rely on the same legal theories, and are brought against largely the same Defendants. Both Related Actions also seek class certification of overlapping classes under Rule 23.

A third related putative class action, *Greene v. Clear Spring Life & Annuity Co.*, No. 1:26-cv-27500, was filed in this District on October 23, 2026, and is assigned to Judge Moore. *Greene* identifies *Rosner* and *Kalinsky* as related cases then pending before this Court and Chief Judge Altonaga, respectively. *Greene* names Clear Spring, Group 1001 Insurance Holdings, LLC, Group 1001, Inc., TWG Global Holdings, LLC, Guggenheim Partners, LLC, and Mark Walter as defendants, and arises from the same alleged misrepresentations regarding the issuing insurer's financial strength and claims-paying ability and the alleged concealment of affiliated, related-party investments. *See Greene*, ECF 1 ¶¶1-8. Although Delaware Life is not named as a defendant in *Greene*, the *Greene* plaintiff seeks to represent a nationwide class of all persons and entities who purchased or exchanged into an annuity issued by Delaware Life and/or Clear Spring between January 1, 2019 and June 26, 2026, which overlaps with the classes proposed in the Related Actions. *Id.* ¶¶84-85. Because *Greene* involves common questions of law and fact with the Related Actions, the Parties anticipate that *Greene* will also be transferred to this Court and request that the Court order that *Greene* be consolidated with the Related Actions upon transfer. To the extent a separate motion is required following transfer, the Parties will promptly file one. Pending

transfer, the parties to *Greene* intend to seek, by stipulation filed in *Greene*, an extension of the deadline for the *Greene* defendants to respond to the complaint in that action.

Because the disposition of Plaintiffs' claims will turn on the adjudication of the same issues and the same conduct, consolidation of the Related Actions under Rule 42(a) is warranted. The Related Actions easily satisfy the standard for consolidation because: (a) they involve common questions of fact and law; (b) consolidation will result in a more efficient process for the Court, counsel, and the witnesses who will be called upon to testify at deposition and trial; and (c) no prejudice will result.

In addition, Defendants that have not been served or executed waivers of service have agreed, through their undersigned counsel, to accept service of process in *Rosner* and *Kalinsky*, and, effective upon consolidation, in any later-filed related action that is consolidated into this action. Defendants preserve all defenses and objections other than insufficient process and insufficient service of process, including lack of personal jurisdiction.

## II. ARGUMENT

### A. Consolidation of the Related Actions Is Warranted

Rule 42(a) authorizes a court to consolidate separate actions if the actions involve "a common question of law or fact." Fed. R. Civ. P. 42(a). The Eleventh Circuit has encouraged district courts to consolidate cases, pursuant to Rule 42(a), in order "to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).[2] Where a common question exists, a court has broad discretion to determine whether consolidation is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254

[2] Unless otherwise noted, emphasis is added and citations are omitted.

(1936) (A court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In evaluating whether consolidation is appropriate, a court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495; *accord Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313-14 (11th Cir. 2017). While a court's "decision on whether to consolidate under Rule 42(a) is purely discretionary," courts should "'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Bedwell v. Braztech Int'l, L.C.*, 2018 WL 830073, at *2 (S.D. Fla. Feb. 9, 2018) (quoting *Hendrix*, 776 F.2d at 1495); *see also Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) (Rule 42(a) does not require that the actions be identical before they can be consolidated). Merging of the suits into a single cause is one form of consolidation and is appropriate where it will not result in prejudice to the parties. *See Hall v. Hall*, 584 U.S. 59, 65, 72 (2018).

**1. The Related Actions Share Common Factual and Legal Issues**

The only requirement set out in Rule 42(a) for consolidation is that the cases involve "a common question of law or fact." Fed. R. Civ. P. 42(a). That requirement is plainly met here. Each of the Related Actions arises out of the alleged marketing and sale of annuity products based on the same alleged false and material representations. Each case therefore centers on common questions of fact and seeks overlapping remedies.

Courts routinely consolidate cases when this occurs. *See, e.g.*, Order Granting Plaintiffs' Joint Unopposed Motion to Consolidate Related Actions and Motion for Appointment of Interim

Co-Lead Class Counsel at 2, *G-Force Powersports Inc. v. DHL Express (USA), Inc.*, No. 0:26-cv-60956-DSL (S.D. Fla. May 15, 2026), ECF 15 (consolidating two related class actions against one defendant seeking refunds of tariffs and tariff-related fees defendant charged consumers and businesses, following Supreme Court's determination that such tariffs were void *ab initio*); *In re Jan. 2021 Short Squeeze Trading Litig.*, 2023 WL 6534411, at *2 (S.D. Fla. Sept. 21, 2023) (consolidating actions filed under federal securities laws arising from the same nucleus of facts); *Precision Roofing of N. Fla. Inc. v. Centerstate Bank*, 2022 WL 10538480, at *2 (M.D. Fla. Apr. 26, 2022) (consolidating related consumer protection class actions); Order Consolidating Cases, *Ya Mon Expeditions, LLC v. Int'l Yacht Brokers Ass'n, Inc.*, No. 1:24-cv-20805-KMM, (S.D. Fla. Apr. 1, 2024), ECF 40 (consolidating class actions against various boating brokerages and yacht broker associations, alleging violations of federal antitrust laws based on same operative facts).

**2. Consolidation Will Further the Convenience of the Parties and Witnesses**

Consolidation here carries substantial benefits and virtually no costs. Plaintiffs anticipate that they will seek to depose the same individuals from Defendants and seek the production of the same documents in both cases. Without consolidation, there will be duplicative discovery demands and the possibility of inconsistent rulings on a number of issues, including class certification. Consolidation solves that problem by enabling the Court, with all Parties before it, to formulate a single pretrial plan that will minimize witness inconvenience and overall expense for all Parties. The savings in time and expense will benefit Plaintiffs and Defendants alike.

**3. Consolidation Will Not Prejudice Any Party**

No party will be prejudiced by consolidation. The complaints were both recently filed, no Defendant has responded to either of the complaints, and neither of the Related Actions has proceeded to a point where consolidation would cause delay. Moreover, consolidating the actions

now creates an orderly path for consolidating and managing any subsequently filed cases, from the start.

If the cases are not consolidated, the Court—in *Rosner*, *Kalinsky*, and subsequently filed related cases—would be required to make separate determinations regarding the same legal claims, creating unnecessary work for all Parties and the Court. *See, e.g.*, *Bedwell*, 2018 WL 830073, at *2 ("The Eleventh Circuit has encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.") (cleaned up); *Burrow v. Forjas Taurus S.A.*, 2018 WL 809439, at *2 (S.D. Fla. Feb. 9, 2018) (same).

The Related Actions, therefore, arise from substantially similar facts and present common questions of law and fact. The Parties submit that the Court would benefit from overseeing one consolidated case to avoid duplicative efforts and inconsistent rulings and to ensure an orderly disposition of these and any future-filed related actions. That is precisely the purpose of Rule 42(a).

**B. Defendants' Acceptance of Service of Process**

Through their undersigned counsel, each Defendant that has not been served with process or executed a waiver of service in *Rosner* or *Kalinsky* accepts service of the summons and complaint in that action, effective as of the filing of this motion. Defendants further agree that their undersigned counsel will accept service of process on their behalf in any later-filed related action that is consolidated into this action, effective upon entry of the order consolidating that action. Defendants preserve all defenses and objections other than insufficient process and insufficient service of process, including lack of personal jurisdiction. Because Plaintiffs will file a consolidated complaint, the Parties further agree that Defendants need not answer or otherwise respond to the complaints in *Rosner*, *Kalinsky*, or any later-consolidated action, and that Defendants' response deadline will be governed by the schedule proposed below.

## III. CONCLUSION

For the reasons stated above, the Parties respectfully request that the Court: (a) consolidate *Kalinsky*, the *Greene* case upon its transfer to this Court, and any later-filed related cases into *Rosner*, which shall serve as the lead case under the consolidated caption, and direct that all future filings be made only in the lead case; (b) order that Plaintiffs file a consolidated complaint within 45 days of the transfer of *Greene* to this Court if *Greene* is transferred within 30 days of the Court's order on this motion or, if *Greene* is not transferred to this Court within that 30-day period, within 75 days of the Court's order on this motion; (c) order that Defendants need not respond to the complaints in the Related Actions or any later-consolidated action and shall answer or otherwise respond to the consolidated complaint within 45 days of its filing; (d) order that Plaintiffs file any opposition to a motion to dismiss within 45 days of its filing, and that Defendants file any reply within 30 days of the opposition; (e) acknowledge Defendants' acceptance of service of process as set forth above; and (f) grant such other and further relief as the Court deems just and proper.

## IV. LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), all Parties consent to this motion.

DATED: November 5, 2026

Respectfully submitted,

**Stuart A. Davidson**
ROBBINS GELLER RUDMAN
& DOWD LLP
STUART A. DAVIDSON
Florida Bar No. 84824
MARK J. DEARMAN
Florida Bar No. 982407
FACUNDO M. SCIALPI
Florida Bar No. 1030791
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
fscialpi@rgrdlaw.com

*Counsel for Plaintiffs and the Class*

**Vanessa Singh Johannes**
FOLEY & LARDNER LLP
VANESSA SINGH JOHANNES
Florida Bar No. 1028744
200 South Biscayne Boulevard, Suite 2100
Miami, FL 33131
Telephone: 305/482-8400
Vanessa.Johannes@foley.com

WILMER CUTLER PICKERING
HALE AND DORR LLP
TIMOTHY J. PERLA
60 State Street
Boston, MA 02109
Telephone: 617/526-6000
timothy.perla@wilmerhale.com

WILMER CUTLER PICKERING
HALE AND DORR LLP
CHRISTOPHER BOUCHOUX
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212/230-8800
christopher.bouchoux@wilmerhale.com

*Counsel for Defendants Delaware Life Insurance Company, Clear Spring Life and Annuity Company, Group 1001 Insurance Holdings, LLC, and Group 1001, Inc.*

**Daniel M. Blouin**
WINSTON TAYLOR, LLP
DANIEL M. BLOUIN (admitted *pro hac vice*)
FRANK BATTAGLIA (admitted *pro hac vice*)
300 North LaSalle, Suite 4400
Chicago, IL 60654
Telephone: 312/558-7544
dan.blouin@winstontaylor.com
frank.battaglia@winstontaylor.com

*Counsel for Defendants TWG Global Holdings, LLC and Mark Walter*

**Adam M. Schachter**
GELBER SCHACHTER & GREENBERG, P.A.
ADAM M. SCHACHTER
Florida Bar No. 647101
BAILEY BEAUCHAMP SHAYNE
Florida Bar No.1049009
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
Telephone: 305/728-0950
aschachter@gsgpa.com
bshayne@gsgpa.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
AUDRA J. SOLOWAY *
KRISTINA A. BUNTING *
ANDREW E. WINGENS *
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212/373-3289
asoloway@paulweiss.com
kbunting@paulweiss.com
awingens@paulweiss.com

*Counsel for Defendant Guggenheim Partners, LLC*

**Pro Hac Vice applications forthcoming*